# Walker *v.* The State.

*Indictment for Arson.*

1. *Oath of petit jury.*—A recital in the judgment-entry, in a criminal case, that "the jury was sworn according to law to try the issue joined," does not show a substantial compliance with the statute (Code, § 4765), but negatives the idea that the proper oath was administered.

FROM the Circuit Court of Wilcox.
Tried before the Hon. JOHN MOORE.

[Walker v. The State.]

The appellants in this case, Lewis Walker and Cato Sellers, were indicted, jointly with several other persons, at the November term of said court, 1875, for arson, in setting fire to the county jail, where they were at the time confined under criminal charges. At the same term of the court, some of the defendants pleaded guilty to the charge of arson in the second degree, and sentence was pronounced upon them. At the Spring term, 1878, Walker and Sellers were tried on issue joined on the plea of not guilty, and were convicted of arson in the second degree; but the judgment of conviction was reversed by this court, at their instance, and the cause was remanded. *Walker v. The State*, 61 Ala. 30. At the Spring term, 1879, a new indictment was found against Walker and Sellers; and at the November term, 1881, being duly arraigned on the indictment, each of them filed a special plea of former acquittal, setting out the proceedings had under the first indictment; and the issue on this plea being found against them, they then pleaded not guilty. Issue being joined on this plea, as the judgment-entry recites, " thereupon comes a jury," &c., " who, being duly elected, tried and sworn according to law to try the issue joined, upon their oaths" returned a verdict of guilty. On the trial, the defendants reserved a bill of exceptions to several rulings of the court, which it is unnecessary to state.

S. J. CUMMING, for the appellants, argued the points reserved by the bill of exceptions, and insisted that the oath administered to the jury, as shown by the judgment-entry, must work a reversal of the judgment; citing, to this point, *Schamberger v. The State*, and *Allen v. The State*, decided at the last term. 68 Ala. 543; 71 Ala. 5.

H. C. TOMPKINS, Attorney-General, for the State, cited and relied on the following cases: *Piles v. The State*, 5 Ala. 72; *Crist v. The State*, 21 Ala. 137; *McGuire v. The State*, 37 Ala. 161; *Johnson v. The State*, 47 Ala. 9, 60; *Smith v. The State*, 47 Ala. 540; *McNeill v. The State*, 47 Ala. 503; *McCaller v. The State*, 49 Ala. 540; *Bush v. The State*, 52 Ala. 13; *Moore v. The State, Ib.* 524; *Mitchell v. The State*, 58 Ala. 417; *Atkins v. The State*, 60 Ala. 45; *Pickens v. The State*, 58 Ala. 364. He insisted that these cases laid down the correct rule, which should be re-established, notwithstanding the later decisions cited for appellant.

STONE, J.—In *Allen v. The State*, and *Schamberger v. The State*, at last term, we ruled that the oath administered to the jury was insufficient in a criminal case. We are not inclined to depart from those rulings, which were but re-affirmations of

[Underwood v. The State.]

the then later utterances of this court. Nor will we enter upon a re-examination of the question. Inattention in this behalf causes many reversals in this court, and it would probably be well for the legislature to remedy the evil. The conviction in the present case must be reversed.

There is nothing in the other points urged.—*Lockett v. The State*, 63 Ala. 5; *Walker v. The State*, 61 Ala. 30.

Reversed and remanded. Let the defendants remain in custody, until discharged by due course of law.

