# Cunningham *v.* The State.

*Indictment for Seduction.*

1. *When charge pretermitting time and venue as necessary to conviction free from error.*—The court having *ex mero motu* instructed the jury in a criminal case, that proof of time and venue was necessary to a conviction, gave, at the written request of the State's solicitor, a charge, in which the questions of time and venue were entirely pretermitted, but, after having given another written charge at his request, further instructed the jury that these written charges must be taken by them in connection with the general charge of the court,—*held*, that this last instruction supplied the omission as to time and venue in the written charge, and healed the apparent error.

2. *Seduction; birth of child as evidence of guilt.*—On the trial of a defendant indicted for seduction, the fact that the prosecutrix had given birth to a child being evidence of cohabitation, a material ingredient of the offense, a charge, given at the instance of the prosecution, instructing the jury that they might consider that fact, if proved, in connection with the other evidence, in determining whether the defendant had had sexual intercourse with the prosecutrix is free from error. While it did not tend to connect the defendant with the offense, it did tend to prove the *factum* of sexual intercourse, one of the material facts in controversy; and, properly understood, this is what the charge asserts.

3. *Same; corroboration of prosecutrix.*—Under the statute making the seduction of an unmarried woman under a promise of marriage, etc., a felony, and declaring that no conviction shall be had on the "uncorroborated testimony of the female upon whom the seduction is charged," it is not necessary that every fact testified to by the woman should also be testified to by some other witness; but all the requirements of the statute are met, when the corroboration is of some matter material to the guilt of the accused, of some matter not merely formal, indifferent or harmless in its nature, the effect of which is to convince the jury that the corroborated witness has sworn truly; and, if under this rule, the jury are convinced of the defendant's guilt beyond a reasonable doubt, they are authorized and required to convict.

4. *Same.*—Hence, on the trial of a defendant indicted for seduction under the statute, the prosecutrix having testified to her seduction by

[Cunningham v. The State.]

the defendant under a promise of marriage, and she being corroborated as to the promise of marriage, a charge, given at the request of the prosecuting attorney, when construed in reference to the evidence, is free from error, which instructs the jury, that "the corroboration mentioned in the statute does not mean that every fact testified to by the woman should be testified to by some other witness, but only that some other witness shall testify to facts and circumstances that convince you of the truth of the woman's testimony beyond reasonable doubt."

APPEAL from Talladega Circuit Court.

Tried before Hon. LeROY F. Box.

The indictment in this cause was found at the spring term, 1880, of said court, and charges that, before the finding thereof, the defendant, "by means of temptations, deceptions, arts, flattery, or a promise of marriage, did seduce" the prosecutrix, an unmarried female. On the trial the prosecutrix was examined as a witness on behalf of the State, and her testimony tended to show her seduction by the defendant under a promise of marriage, in said county, within twelve months before the finding of the indictment; that she was then an unmarried woman; that pregnancy resulted from the seduction; and that the defendant did not fulfill his promise of marriage, but married another woman. The State then examined as a witness a brother-in-law of the prosecutrix, "whose testimony tended to show, that, in a conversation had with the defendant, after the time of the alleged seduction, and before the said marriage of defendant, said defendant made inquiries of witness as to what kind of a wife he, said witness, thought" the prosecutrix "would make, and said to witness that he had promised to marry her. The testimony further tended to show, that, in about six months after the marriage of said defendant," the prosecutrix "gave birth to a child, and that it was begotten by the defendant, and was born in March, 1880."

This being substantially all the evidence, the court gave its general charge, to which no exceptions were reserved. The court then gave two written charges at the request of the State. The first of these charges is as follows: "If the jury believe from the evidence beyond a reasonable doubt, that the woman, —— ————, was an unmarried woman during 1879, and that in March following she gave birth to a child, then they may, in connection with the other evidence, look to that fact in determining whether or not the defendant had sexual intercourse with her; and if you find, beyond all reasonable doubt, from the evidence, that he did have sexual intercourse with her, and did so by means of a promise of marriage previously made, then he is guilty as charged." The second of these charges, and the portions of the general charge necessary to this report are given in the opinion.

VOL. LXXIII.

[Cunningham v. The State.]

The defendant was convicted, and sentenced to imprisonment in the penitentiary for one year; and from the judgment of conviction he took this appeal.

BOWDEN & KNOX, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—In the general, oral charge given to the jury in this cause, the court instructed them "that, before they could find the defendant guilty as charged in the indictment, they must be satisfied from the evidence, beyond all reasonable doubt, that the defendant [committed the offense] in Talladega county, Alabama, and within twelve months next before the finding of the indictment in this case." In the first written charge, given at the instance of the prosecuting attorney, the question of venue is entirely pretermitted, as an element of the defendant's guilt. On this account, it is contended, that the judgment of the circuit court should be reversed. Such would, ordinarily, be the result. But, after giving the two written charges, the court, of its own motion, "charged the jury, that the written charges, given at the instance of the State, must be taken by them in connection with the general charge, as given by the court." This was, in substance, a re-affirmation, that they could not find the defendant guilty, unless it was proven that the offense was committed in Talladega county. This supplied the omission in the written charge, and healed the apparent error. We may be pardoned for expressing a doubt, if the former rulings of this court on this question have not been too exacting. Charges to juries are intended as a guide, or rule, to aid them in forming their verdicts. Every qualifying principle can not be embodied in each paragraph, or sentence, which goes to make up an elaborate instruction. Sufficient, it would seem, if in the whole charge it affirmatively appears that correct rules were declared, which, taken as a whole, express no erroneous view. These expressions, however, must not be understood as impairing the force of section 3109 of the Code of 1876. Parties have the right to request, in writing, instructions to the jury on any and every hypothesis of the case there is testimony tending to prove. The limitation is, that nothing must be postulated, of which there is no evidence, and no tendency of proof must be ignored, which varies or shades the principle involved in the request. These principles have been often asserted.—1 Brick. Dig. 338–9, §§ 41, 42, 45, 46 et seq. Charges thus framed, and thus asked, if free from involvement and tendency to mislead, must be given as asked.—Code, § 3109. But the court is not denied the right to

give independent, explanatory charges. What we have said, applies as well to the other alleged defect in the first charge, namely, that it ignores the question of time when the offense was committed. This case is thus taken out of the rule declared in *Gooden v. The State*, 55 Ala. 178, and *Bain v. The State*, 61 Ala. 75. Whether we would apply this principle to any other questions than those of time and venue, we do not now decide.

The criticism indulged by counsel on charge number one is not well founded. Possibly, the charge might have been made clearer; but that is, at most, excuse for asking an explanatory charge.—1 Brick. Dig. 344, § 129; *Whilden v. M. & P. Bank*, 64 Ala. 2. The fact that the prosecutrix gave birth to a child, was certainly evidence that she had been cohabited with; and this was a material ingredient in the offense charged. There was no error in telling the jury they might consider this fact, if proved, in connection with the other evidence, in determining whether the defendant had had sexual intercourse with her. It did not tend to connect the defendant with the offense. But it tended to prove one of the material facts in controversy— the *factum* of sexual intercourse. Properly understood, this is what the charge asserts. If counsel apprehended it would mislead, he should have asked an explanatory charge.

The second written charge, given at the instance of the State, and excepted to, presents the inquiry, what corroboration is necessary to justify conviction on the testimony of the female upon whom the seduction is charged. The offense charged in this case is seduction, under section 4188 of the Code of 1876. The entire charge excepted to is in the following language: "The corroboration mentioned in the statute does not mean that every fact testified to by the woman should be testified to by some other witness, but only that some other witnesses shall testify to facts and circumstances that convince you of the truth of the woman's testimony beyond reasonable doubt." The language of the statute is, that "no conviction shall be had under this section, on the uncorroborated testimony of the female upon whom the seduction is charged." The first clause of the charge given is certainly free from error. Every fact testified to by such witness need not be testified to by other witnesses. To require that, would be to say, in effect, that her uncorroborated testimony can prove nothing, and is therefore worthless. This would be to require a stricter measure of proof than is exacted in the case of an accomplice, made a witness. In cases of that class, the statutory rule is, that to justify a conviction of a felony, the corroboration must tend to connect the defendant with the commission of the offense.—Code of 1876, § 4895. When there is corroboration by some other witness as to any

[Cunningham v. The State.]

act or fact which is an element of the offense charged, and such corroboration tends to connect the accused with the perpetration of such act, the evidence is pertinent to the issue, and the court can not rule it out as irrelevant. It must be passed on by the jury, as that body alone can pass on the weight of testimony, and the court can not instruct them what weight they should attach to it. That is always a question for the jury. As we said in *Lockett v. The State*, 63 Ala. 5–11, "it is for the jury to decide, when there is in a cause any such corroborative evidence, what effect it is entitled to." And this is, at last, only the general rule in all controverted questions of fact, arising on a trial before a jury. If there be no testimony in support of any given averment in pleading, or element of the issue, then the question is one of law, and the court may, and if requested should, so instruct the jury. In such case, whether so instructed or not, the jury have nothing to do; for they can not, in the absence of testimony, affirm the existence of a fact that is disputed. We do not intend by this to deny to the jury the right to draw legitimate inferences from proven facts and circumstances. But, in the absence of legal rules prescribing the measure of proof, whenever there is any evidence, no matter how slight, in support of any material subject of inquiry, its sufficiency can never become a question for the court. Applying these principles to this case: The corroboration was as to the promise of marriage, a necessary averment, and necessary ingredient of the offense. The testimony tended to connect the defendant with that act, and, therefore, tended to connect him with an element of the offense. This being so, how can it become a question of law as to its sufficiency, even if we apply the rule which obtains in cases of accomplice? Is not the true rule, at last, simply this: That the corroboration shall be such as to convince the jury, beyond reasonable doubt, that the witness swore truly, but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter; and the matter itself must not be in its nature formal, indifferent, or harmless?—See *Rex v. Barnard*, 1 Car. & Payne, 87. These being the legal prerequisites, all else is a question for the jury. There is nothing in charge two which is opposed to these views. Charges must be construed in reference to the evidence. Thus construed, it is free from error. If counsel had doubt whether the jury might be misled as to the nature of the corroboration required, an explanatory charge should have been asked.—1 Greenl. Ev. § 381 and note 3.

We have thus far treated this question as *res integra*, and on the language of our statute, which was first enacted March 15, 1875.—Pamph. Acts, 239. As early as 1848, New York had

[Cunningham v. The State.]

a similar statute, which declared that no conviction should be had thereunder on the testimony of the female seduced, unsupported by other evidence. This is, in substance, the same as ours. *Boyce v. People*, 55 N. Y. 644, presented the question of the construction of this statute. It was held "that the statute did not require direct or positive corroborative evidence as to any of the material facts, but rather such evidence as has been ordinarily required in corroboration of evidence of an accomplice when called as a witness against his confederate in crime, or circumstances usually relied upon as tending to prove the material facts, and which from the nature of the case are susceptible of being proved, to satisfy the jury that the principal witness is worthy of credit."

We think, too, some importance must be attached to the varying phraseology of our two statutes. "A conviction of felony can not be had on the testimony of an accomplice, unless corroborated by other evidence *tending to connect the defendant with the commission of the offense.*"—Code, § 4895; *Smith v. The State*, 59 Ala. 104; *Marler v. The State*, 67 Ala. 55. The statute, making seduction a special offense, was of much later enactment.—Pamph. Acts, 1874-5, p. 239; Pamph. Acts, 1876-7, p. 134; Code of 1876, § 4188. The language of this enactment is, "that a conviction shall not be had under this section, on the uncorroborated testimony of the female upon whom the seduction is charged." Why this change in phraseology, if the same meaning was intended? We think we meet all the requirements of the statute, when we hold, as we do, that the corroboration shall be of some matter material to the guilt of the accused, that such matter must not be in its nature formal, indifferent, or harmless, and that its effect shall be to convince the jury that the corroborated witness has sworn truly. If, under these rules, the jury are convinced of the guilt of the accused beyond a reasonable doubt, they are authorized and required to convict.

There is no error in the record, and the judgment of the circuit court is affirmed.