# Sands *et al. v.* The State.

*Indictment for Arson.*

1. *Indictment for arson; sufficiency of.*—An indictment for arson as defined by section 4346 of the Code of 1876, and which substantially pursues the form (No. 34, p. 995 of the Code), charges the offense of arson in the first degree with sufficient certainty.

2. *Same; sufficiency of averment of ownership of building burned.*—The description in the indictment of the property burned, as "the jail of Wilcox county," is a sufficient averment of ownership, the courts judicially knowing that the county jails in this State are the property of the several counties in which they are located, and that each county in the State is a body corporate.

[Sands et al. v. The State.]

3. *Confessions; when admissible.*—The confessions of one of the de.
fendants in this case, made to the sheriff and his deputy while in their
custody, and not obtained by threats or promises, or in any manner in-
duced by the appliances of hope or fear, held to have been made vol-
untarily and therefore properly admitted.

APPEAL from Wilcox Circuit Court.

Tried before the Hon JOHN MOORE.

The appellants, Lewis Saunders, John Rentz and Jesse John-
son, defendants in the court below, were convicted at the Fall
Term of said court, 1885, of the offense of arson in the first
degree. The indictment charged that Saunders and his co-
defendants, Rentz and Johnson, with five others who do not
join in the present appeal, " wilfully set fire to, or burned in
the night time the jail of Wilcox county, which was occupied
at the time by persons lodged therein at night, against the
peace, &c." A demurrer was interposed to the indictment, it
being objected, among other grounds, that it failed " to charge
arson in the first degree"; and failed "to allege that the
jail charged to have been set fire to or burned, was a prison in
which there was at the time a human being." The record
does not indicate what disposition was made of the demurrers,
and issue was joined upon the plea of not guilty.

From the bill of exceptions, it appears that the main conten-
tion in the court below related to the admission of a confession
made by one of the defendants, Jesse Johnson, implicating
himself and certain of his co-defendants in the perpetration of
the offense charged. The deputy sheriff, T. S. Caldwell, testi-
fied that he had charge of the jail and that all of the de-
fendants were confined together in the same room or cell; that
on the night of the fire, which originated in the cell in which
the prisoners were confined (the floor, near the entrance, was
burned " an inch and a half to two inches deep," as shown by
the testimony of another witness), he went to the room in
question to investigate the occurrence; that he required each
of the defendants, including the said Jesse Johnson, to undress
and leave their clothing in the room and go out naked; that
he stood at the door of the room and required them to pass by
him one at a time, and as each of the prisoners passed out he
" struck him a lick with a strap or small stick which he had in
his hand." At the time, the fire was out, but the smoke was
still in the room. The witness stated that he required the
prisoners to disrobe in order that their clothing might be
searched for matches, or other means of kindling a fire, and
that the prisoners were kept in one of the dungeons of the jail
until the next day. It appears from the evidence that on the
following morning the sheriff of the county, W. L. Jones, was in-
formed of the occurrence by his deputy; that they went to the

[Sands et al. v. The State.]

jail together and took the said Jesse Johnson, who was still naked, from the dungeon into the enclosure of the jail and questioned him about the fire; that "neither of them made any threat to harm him in any way, nor made him any promise, and neither of them had any stick or weapon;" that Jesse was told: "If you know anything about the burning you must tell us," and he thereupon made his statement. Upon this preliminary proof of the sheriff and his deputy as to the circumstances attending the confession, the court permitted it to go to the jury, and the defendants duly excepted.

Defendants requested the court to give the following charge, which was in writing: "If the jury believe from the evidence that the burning could have been done" by certain designated persons "without the assistance of the defendants, the jury should acquit the defendants." This charge the court refused to give, and the defendants excepted.

The admission of the confession of Jesse Johnson against the objection of defendants, the overruling of the demurrers to the indictment, and the refusal to give the charge requested, are here assigned as error.

JONES & JONES, R. GAILLARD, and HOWARD & BECK, for appellants.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—This indictment was clearly good, and charged with sufficient certainty the crime of arson in the first degree, as defined by section 4346 of the present Code of 1876.—Code, form No. 34, p. 995. The description of the property burned, as "the jail of Wilcox county," was a sufficient averment of ownership, without more. We judicially know that the county jails in this State are the property of the several counties in which they are severally located, and that each county in the State is a body corporate.—Code, 1876, §§ 820, 815. Matters of which judicial notice is taken need not be stated in indictments any more than in ordinary pleadings in civil causes.—*Lockett v. The State*, 63 Ala. 5 ; Code, 1876, § 4791; *City Council of Montgomery v. Wright*, 72 Ala. 411.

We perceive no error in the admission of the confessions shown to have been made by the defendant Johnson. They were free from every objection, even under the liberal rules laid down by this court, ample proof having first been made that they were not obtained by threats or promises, or in any manner induced by the appliances of hope or fear, excited in the mind of the accused.—*Redd v. State*, 69 Ala. 255 ; *Murphy v. State*, 63 Ala. 1 ; *Porter v. State*, 55 Ala. 95.

The charge requested by the defendants and refused by the court was so obviously bad as scarcely to require notice. It entirely ignores the question of the actual guilt or innocence of the defendants, and directs their acquittal of the crime if the arson charged "could" have been committed without their assistance.

The record is free from error and the judgment is affirmed.