Summers, C. J.
The defendant, John Robinson, was convicted of the crime of incest with his sister-in-law. The circuit court reversed for error in the charge of the court. The court in charging the jury assumed that it would be the duty of the jury to acquit the defendant if the proof showed the defendant guilty of rape, and instructed the jury to the effect that if the act of sexual intercourse was proven beyond a reasonable doubt, consent on the part of the female would be presumed unless it was proven that such force was used as made the defendant guilty of rape.
Section 7019, Revised Statutes, defines incest as follows: “Persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, who commit adultery or fornication together, shall be imprisoned in the penitentiary not more than ten years nor less than one year.”
In some states it is held that to constitute the crime of incest the consent of both parties is essential, that it is a joint offense, and that both parties must be guilty. This conclusion is based upon the use of the words “with each other,” “together,” or similar words in defining the crime. But in the *140 great majority of states it is'held that the consent of both parties is not essential and that a defendant may be convicted of incest though he use such force as makes it rape. We think the better reason is with the majority. The essence of the crimes of fornication, adultery, incest and rape, is unlawful sexual intercourse. In fornication it is unlawful because the marriage relation does not exist between the parties, in adultery because the offender is married to another, in incest because the parties are too near of kin. The act is made criminal because of the status of the parties, or of the force used to accomplish it. The act can not be accomplished by one person, hence the use of the words “with each other,” or as in our 'statute “together,” and the offense is committed when the act is accomplished between persons within the prescribed status, by the party who knowing it participated in the act whether the other consented or not. As it is said in People v. Stratton, 141 Cal., 604: “Where both the circumstances of force and consanguinity are present, the object of the statute being to prohibit by punishment such sexual intercourse, it is not less incest because the element of rape is added.” If a joint offense was intended so that the guilt of both parties is essential, then a joint conviction should be required; and in the present case, if consent on the part of the woman had been proven, she being unmarried, and the act being adultery on the part of the defendant and fornication on her part, could it not then be contended that they did not commit either adultery or fornication “together”? The question whether consent is an essential ingredient of the crime was *141 not presented in the case of Noble v. The State of Ohio, 22 Ohio St., 541.
The cases are collected in a note in 8 Am. & Eng. Ann. Cases, 908.
Consent on the part of the woman not being essential to the defendant’s guilt, it is evident that the defendant was not prejudiced by the instruction of the court that consent was presumed.
The circuit court found that the trial judge also erred in his charge on the subject of corroborative evidence. The judge charged to the effect that if the jury found that the woman had not resisted to the uttermost, so that the defendant would not be guilty of the crime of rape, if they found that the act of intercourse had been accomplished, that consent on her part would be presumed, and in that event she would be an accomplice, and that it would be unsafe for the jury to convict the defendant upon her uncorroborated testimony. The court then said: “Now what is corroboration? Corroboration is some fact established in the testimony, found by the jury which tends to prove the truth of the testimony of the accomplice in some material degree and pointing directly to the defendant, and you will observe that corroboration must come from some other witness than the witness Nellie Peppers, and in this case to be specific, a fact established beyond a reasonable doubt in this case to be regarded as corroborative must be one which is an act of the defendant tending to show sexual intimacy probable between the defendant and the girl about the time involved, some-, thing that shows he had undue intimacy at about that time, and circumstances in the testimony di *142 rectly. involving the ' defendant and tending to make a reasonable inference of sexual intimacy between these persons. A corroborative fact must be something involving the defendant and also pointing to sexual intimacy at the time involved between the persons in this case.” The court then gave further instructions upon other matters, and in concluding his charge said: “It is your privilege to look to all the circumstances of the case independent of the testimony of Nellie Peppers, and if you find in these circumstances some things established beyond a reasonable doubt which point to the defendant and involve him in an odor of this kind of case, tending to suggest the probability that he had sexual relations with the witness at or about the time relied upon by the state you may consider such facts so established as corroborative of the testimony of the witness Nellie Peppers.” The giving of this last instruction, the circuit court found to be prejudicial error. The court does not point out in what particular the' instruction was erroneous, other than to say that it is not an accurate statement of what will amount to corroborative evidence.
As a matter of common law, in the absence of a statute, a jury may convict of a felony upon the uncorroborated testimony of an accomplice, but the judge, in his discretion, advises the' jury not to do so upon the testimony of an accomplice alone without corroboration. Such has been held to be the law in this state. Allen. v. The State of Ohio, 10 Ohio St., 287. At .common law the judge was not bound to give such an instruction, and his failure to do so was not reversible error. The *143 jury might disregard his counsel and convict without corroboration, the question of the existence of corroboration and its sufficiency being for the jury. Wigmore on Evidence, Section 2056. But in many of the states it is now provided by statute that convictions shall not be had upon the uncorroborated testimony of an accomplice, and where there is no statute it probably would be held reversible error to refuse so to instruct the jury. So-that it becomes necessary for the trial court not only to "instruct the jury not to convict upon the uncorroborated testimony of an accomplice, but also to aid them in determining whether there is corroboration. The effect of the evidence is for the jury (Noland v. State, 19 Ohio, 131), but whether there is any evidence direct or circumstantial, is a question of law. Commonwealth v. Larrabee and Another, 99 Mass., 413. It is not necessary that the crime charged be proven independently of the testimony of the accomplice, or that the testimony of the accomplice be corroborated in every particular in order that it may be said to be corroborated, but only that there be circumstantial evidence, or testimony of some witness other than the accomplice, tending to connect the defendant with the crime charged and to prove some of the material facts testified.to by the accomplice. In Cunningham v. The State, 73 Ala., 51, it is held: “Under the statute making the seduction of" an unmarried woman under a promise of marriage, etc., a felony, and declaring that no conviction shall be had on the ‘uncorroborated testimony of the female upon which the seduction is charged/ it is not necessary that every fact testified to by *144 the woman should also be testified to by some other witness; but all the requirements of the statute are met, when the corroboration is of some matter material to the guilt of the accused, of some matter not merely formal, indifferent or harmless in its nature, the effect of which is to convince the jury that the corroborated witness has sworn truly; and, if under this rule the jury are convinced of the defendant’s guilt beyond a reasonable doubt, they are authorized and required to convict. Hence, on the trial of a defendant indicted for seduction under the statute, the prosecutrix having testified to her seduction by the defendant under a promise of marriage, and she being corroborated as to the promise of marriage, a charge, given at the request of the prosecuting attorney, when construed in reference to the evidence, is free from error, which instructs the jury, that 'the corroboration mentioned in the statute does not mean that every fact testified to by the woman should be testified to by some other witness, but only that some other witness shall testify to facts and circumstances that convince you of the truth of the woman’s testimony beyond reasonable doubt.’ ” In the present case the judge correctly charged the jury that the corroboration must come from some witness other than the prosecutrix and tend to prove the truth of the testimony of the accomplice in some material matter, and tend to connect the defendant with the crime charged. That part of the charge that the circuit court found prejudicial to the defendant was said by the judge merely by way of reference to what had been fully charged and could not have *145 been misunderstood by the jury or be prejudicial to the defendant. The charge was to the effect that if the defendant did not rape the prosecuting witness she would be presumed to have consented and that the defendant could not be convicted upon her uncorroborated testimony. This was prejudicial to the state. If the jury believed her story she did not consent, and so not being an accomplice, the jury might have convicted upon her uncorroborated testimony.
There was evidence tending to corroborate the prosecutrix. First, it was shown that there was opportunity for her and the defendant to have sexual intercourse together; second, that the defendant had-kissed and embraced her, and so had inclination for such intercourse with her; third, that she had had sexual intercourse with some one, for she had given birth to a child; and fourth, the want of opportunity or the absence of a showing of opportunity to have had such intercourse with any one other than the defendant. There are many cases to the effect that evidence of that character is corroborative.
Counsel for defendant in error contend that there were other errors than those assigned by the circuit court for which the judgment of the trial court should be reversed. We have given the record careful consideration and find no prejudicial error specifically pointed out by counsel. The judgment of the circuit court is reversed, and the judgment of the court of common pleas is affirmed.

Judgment reversed.

Crew, Spear, Davis and Shauci-c,' JJ.,' concur.