(92 South. 506)
## BURK v. STATE. (7 Div. 746.)*

(Court of Appeals of Alabama. Feb. 21, 1922. Rehearing Denied March 7, 1922.)

1. Seduction ⬪46—Corroborating evidence is sufficient if it extends to a material fact and satisfies the jury that the woman is worthy of credit.

Under Code 1907, § 7776, providing that in a prosecution for seduction the testimony of the woman must be corroborated, the corroboratory evidence is sufficient if it extends to a material fact and satisfies the jury that the woman is worthy of credit.

2. Seduction ⬪49—The question of sufficiency of evidence corroborating prosecutrix is for the jury.

In a prosecution for seduction under Code 1907, § 7776, providing that no indictment or conviction shall be had on the uncorroborated testimony of a prosecutrix, even if corroborating evidence is offered to meet the terms of the statute, the question of whether it is sufficient is for the jury.

**3. Seduction ⬥⟶46—Evidence held not sufficient to corroborate prosecutrix.**

In a prosecution for seduction, under Code 1907, § 7776, requiring the testimony of the prosecutrix to be corroborated, evidence *held* insufficient to corroborate prosecutrix.

**4. Seduction ⬥⟶46—Testimony of conversation with prosecutrix not admissible to corroborate.**

In a prosecution for seduction, testimony of a witness of a conversation with prosecutrix when defendant was not present was not admissible to corroborate prosecutrix.

### On Rehearing.

**5. Seduction ⬥⟶46—Prosecutrix must be corroborated as to a material fact.**

In a prosecution for seduction under Code 1907, § 7776, requiring the testimony of the prosecutrix to be corroborated, the corroborating testimony concerning sexual intercourse with a chaste unmarried woman is not of itself sufficient, since, unless the sexual intercourse was accomplished by one or all of the several means enumerated in the statute—that is, by means of temptation, deception, arts, flattery, or by a promise of marriage—there was no seduction.

**6. Seduction ⬥⟶46 — Visits of defendant to prosecutrix and fact that prosecutrix had a child not sufficient corroboration of testimony of prosecutrix.**

In a prosecution for seduction under Code 1907, § 7776, requiring the testimony of the prosecutrix to be corroborated, the fact that defendant visited the prosecutrix and that she had a child was not a sufficient corroboration.

Appeal from Circuit Court, Talladega County; S. W. Tate, Special Judge.

Grover Burk was convicted of seduction, and he appeals. Reversed and remanded.

J. C. Burt, of Talladega, for appellant.

There was not sufficient corroborative evidence under the statute to sustain the charge, and the court should have directed a verdict for the defendant. 73 Ala. 51; 73 Ala. 527; 79 Ala. 14; 142 Ala. 33, 39 South. 341; 133 Ala. 198, 32 South. 56, 91 Am. St. Rep. 25; 90 Ala. 641, 8 South. 821; 93 Va. 815, 22 S. E. 863; 2 Words and Phrases, 1628.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The question of corroboration was one of fact. The prosecutrix was corroborated sufficiently, and the affirmative charge was properly refused. 73 Ala. 51; 73 Ala. 527; 87 Ala. 94, 6 South. 357; 118 Ala. 88, 24 South. 43; 142 Ala. 33, 39 South. 341; 11 Ala. App. 135, 66 South. 126; 13 Ala. App. 399, 69 South. 402; 17 Ala. App. 424, 85 South. 855.

BRICKEN, P. J. The defendant was charged with, and convicted of, seduction. This offense is strictly statutory, resulting, therefore, that the terms of the particular statute in question must govern and control a charge of this character.

[1] The section of the Code under which this charge was preferred by indictment is as follows:

"Any man who, by means of temptation, deception, arts, flattery, or a promise of marriage, seduces any unmarried woman in this state, must, on conviction, be imprisoned in the penitentiary for not less than one nor more than ten years; but no indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on the trial it is proved that such woman was, at the time of alleged offense, unchaste." Section 7776.

By the express terms of this statute no indictment can be preferred or a conviction had upon the uncorroborated testimony of the woman upon whom the seduction is charged, and in construing this provision of the statute the settled rule seems to be that the corroboratory evidence exacted by the statute is sufficient if it extends to a material fact, and satisfies the jury that the woman is worthy of credit. 1 Mayfield, Dig. pp. 799, 67.

[2] In the instant case the prosecutrix testified to a promise of marriage made to her by defendant, and to the subsequent sexual intercourse between them on two separate occasions. It follows, therefore, that if the rule above cited as to corroboration of her testimony has been met, the question of the guilt or innocence of the accused became a matter for the determination of the jury. For, even if corroborating evidence had been adduced, and the terms of the statute as to this prerequisite had been met, the court would not be authorized in holding that such corroborating testimony was sufficient. Its truth and weight was for the jury, and evidence may be sufficient to meet the statutory requirement as to corroboration, and yet not sufficient to satisfy the jury beyond a reasonable doubt that the woman swore truly. For, even if the additional rule of evidence required by this statute—i. e., evidence of corroboration—is met, it cannot be taken to modify or change the well-settled rule of law in all criminal cases to the effect that the presumption of innocence of the accused must prevail until his guilt is proven beyond a reasonable doubt and to a moral certainty.

[3, 4] To the end of determining this most material and pertinent question we have very carefully considered all of the testimony offered upon the trial of this case, and more especially the evidence adduced by the state, and have reached the conclusion that the case rested, as to all material facts, solely upon the testimony of the prosecutrix, and that there is an entire absence of any testi-

mony to corroborate her as required by the well-settled rule so often announced. The prosecutrix, her mother, and her father were the only witnesses examined by the state and upon whom the state necessarily relied for a conviction, and the testimony of the mother and father was to the effect only that the defendant had visited their daughter upon several occasions, and that she gave birth to a child at the time stated. The mother and father of the prosecutrix could testify to no fact the tendency of which would be to corroborate the prosecutrix upon the question of a promise of marriage or as to the defendant having had sexual intercourse with her. Their sole knowledge upon this question was derived from the statement made to them by their daughter, the alleged injured party. And in this connection we are of the opinion that the court committed error in allowing the state witness Mrs. Sallie Blanchard to testify as to a conversation between witness and the prosecutrix in October. The defendant was not present at the time of this conversation, and the objection to the question should have been sustained. The motion to exclude should have been granted. In the entire record there is a total absence of any testimony, except that of the prosecutrix, first, as to a promise of marriage, and, second, as to the defendant's alleged intercourse with prosecutrix; thus the case must fall, it being apparent that the terms of the statute have not been met. It is, of course, a self-evident fact that the woman in question has had sexual intercourse with some man, because of the birth of the child; but there is no evidence to corroborate her testimony that the defendant is the man. And, however weak and inconclusive it may appear, the only testimony in the whole record, other than her own, as to her having sexual intercourse with any one, is that of a witness for defendant who testified that he saw her one night near the side of the road in the act of sexual intercourse with a man other than the defendant.

There was some evidence that this defendant went to a distant state, and as stated by him, to secure employment. But the fact that at the time he left no charge had been preferred against him nor accusation made, nor did the prosecutrix tell him of her condition before he left, coupled with the further fact that he voluntarily returned home to the same community just a few days prior to the birth of the child and mingled openly with the people of that community, successfully refutes to our mind any question of flight on the part of defendant, and was in accord with the other conduct of this defendant as shown by the record, from none of which can it be deduced that he at any time manifested any consciousness of guilt in connection with the accusation finally lodged against him.

There are several rulings of the court upon the testimony insisted upon as being erroneous. From what has been said it is not deemed necessary to discuss these rulings.

The general charge requested in writing by defendant should have been given. Leslie Whatley v. State, 94 South. ——.

Reversed and remanded.

## On Rehearing.

[5] On application for rehearing by the state the Attorney General properly states the rule of law as to the corroboration of the injured party in seduction cases. The opinion in this case announces the same rule; that is to say, the corroboratory evidence exacted by the statute is sufficient if it extends to a material fact in the case, and satisfies the jury that the woman is worthy of credit. If the corroboration is to an immaterial fact only, the terms of the statute have not been met; and hence there can be no conviction, for, if the corroboration does relate only to an immaterial matter, the jury would not be authorized to convict, even though satisfied that the testimony of the woman is worthy of belief. What, then, is a material fact in a seduction case? There are, of course, several. Sexual intercourse by the accused with a chaste unmarried woman is a most material fact, but not of itself sufficient, for, unless the sexual intercourse was accomplished by one or all of the several means enumerated in the statute, to wit, by means of temptation, deception, arts, flattery, or by a promise of marriage, there is no seduction. As stated in the opinion, there was no evidence offered upon this trial to corroborate the prosecutrix upon any material fact involved upon this trial.

[6] We deem the insistence of the Attorney General untenable wherein it is urged that the fact of defendant's having visited the woman in question is a material fact such as is contemplated by the established rule as to corroboration. Nor is the profert of the child sufficient in the absence of all testimony, except that of the prosecutrix, that the accused is the father thereof. To so hold would be to emasculate the statute and render meaningless the precautionary terms thereof as to corroboration. To so decide would be to place it in the power of any woman who comes within the terms of the statute to present her baby in court, accompanied with her testimony that the accused is the father, and by her testimony and that of some other witness to the sole effect that the accused had visited her secure the conviction of the defendant; and this is not authorized by the express terms of the statute. We think the rule means more than this: That it means a corroboration of the woman's testimony must be of a material fact comprehended in the issues of a case of this character. It might appear to be more clear to announce and hold that the material fact required for corroboration must

relate to one or more of the constituent elements of the offense, a necessary averment, or to an essential ingredient thereof. Of course, we do not hold that every fact testified to by the prosecutrix need be testified to also by other witnesses, for to so hold would be to decide, in effect, that the woman's uncorroborated testimony proves nothing, and is therefore worthless. We are of the opinion:

"That the corroboration shall be such as to convince the jury, beyond reasonable doubt, that the witness swore truly, but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter; and the matter itself must not be in its nature formal, indifferent, or harmless." Cunningham v. State, 73 Ala. 51, 55.

In each of the cases cited by the Attorney General a very different state of facts as to the corroboration is shown from the facts shown in the case at bar; but to differentiate these facts here would be to extend this opinion to too great a length, and we will not do so.

It clearly appearing from the entire record that the testimony of the prosecuting witness is wholly without corroboration as to any material fact involved in the result of this case, as stated in the original opinion, the judgment of conviction cannot be permitted to stand.

Application overruled.