(107 So. 926)

Draper RICE v. STATE. (8 Div. 332.) (Court of Appeals of Alabama. Feb. 9, 1926.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Draper Rice was convicted of seduction, and he appeals. Reversed and remanded. Douglass Taylor, of Huntsville, and Ernest Parks, of Scottsboro, for appellant. Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

No conviction for seduction can be had on the uncorroborated testimony of the prosecutrix. Code 1923, § 5490; Burk v. State, 18 Ala. App. 413, 92 So. 506; Cunningham v. State, 73 Ala. 51; Munkers v. State, 87 Ala. 94, 6 So. 357; Cooper v. State, 90 Ala. 641, 8 So. 821.

The corroboratory evidence is sufficient, if it extends to a material fact, and satisfies the jury that the woman is worthy of credit. Ex parte State, 208 Ala. 68, 93 So. 599; Cunningham v. State, 73 Ala. 51; Wilson v. State, 73 Ala. 527; Tarver v. State, 17 Ala. App. 424, 85 So. 855; Allen v. State, 162 Ala. 74, 50 So. 279.

RICE, J. The transcript having been filed in this case, and satisfactory excuse being shown for the delay, the motion to dismiss the appeal is overruled. Appellant was convicted of the offense of seduction. The elements of this crime as defined by statute have been so

often commented upon that we deem it unnecessary to here discuss them further. The rule announced by the statute as to convictions not being permissible upon the uncorroborated testimony of the prosecutrix has likewise been the subject of considerable discussion in the decisions. A late full and accurate discussion of this rule is contained in the opinion by Bricken, P. J., in the case of Burk v. State, 92 So. 506, 18 Ala. App. 413. The evidence in the instant case has been read by the entire court sitting in banc, and we are led to announce that we find no evidence, such as is necessary under the holding in the Burk Case, supra, to corroborate the prosecutrix in this case. It follows that the appellant was entitled to have given at his request the general affirmative charge in his favor, and for the error in its refusal the judgment is reversed and the cause remanded. Reversed and remanded.