(111 So. 315)

### CADENHEAD v. STATE.    (6 Div. 38.)

(Court of Appeals of Alabama.   Feb. 1, 1927.)

1. Indictment and information &#9758;137(4)—On motion to quash, it must appear that indictment for seduction was not based on uncorroborated testimony of prosecutrix (Code 1923, §§ 5490, 8679).

Where indictment for seduction is attacked before pleading on merits, it must appear not only that witnesses were before grand jury or that grand jury had before them legal documentary evidence, as required by Code 1923, § 8679, but also that indictment was not had on uncorroborated testimony of prosecutrix, under section 5490.

2. Indictment and information &#9758;137(4)— Weight or sufficiency of evidence corroborating testimony before grand jury of prosecutrix charging seduction will not be considered (Code 1923, § 5490).

Weight or sufficiency of evidence before grand jury corroborating that of woman charging seduction is not proper subject of inquiry, though some corroboration is required under Code 1923, § 5490.

3. Indictment and information &#9758;137(4)—Sufficiency of evidence before grand jury is generally not considered, where witnesses were examined or documentary evidence considered.

As general rule, sufficiency of evidence presented before grand jury will not be considered, where it appears that witnesses were examined or that grand jury had before them documentary evidence.

Appeal from Circuit Court, Jefferson County; John P. McCoy, Judge.

James Benford Cadenhead was convicted of an offense, and he appeals. Reversed and remanded.

Hugh A. Locke and Earl McBee, both of Birmingham, for appellant.

In view of the decision, it is not necessary that brief, on rulings on evidence and on charges given and refused, be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Under the statute (Code 1923, § 3258), the duty devolves upon this court to consider all questions apparent on the record as well as those reserved by a bill of exceptions, and to render such judgment as the law demands.

[1] The indictment in this case charged the defendant (appellant) with seduction, and before pleading to its merits he made a motion in writing to quash the indictment upon the grounds:

"(1) Because no competent evidence was had before the grand jury upon which the said indictment was found. (2) Because the evidence before the grand jury did not corroborate the testimony of Estelle Landgraf, upon whom the seduction is charged. (3) Because the said indictment was had upon the uncorroborated testimony of Estelle Landgraf, who charges that she was seduced."

Upon motion of the state, the defendant's motion to quash the indictment was stricken. [2] If the grounds stated in the motion to quash were true, it would have been a complete answer to the indictment, for the statute expressly provides that no indictment for seduction shall be had on the uncorroborated testimony of the woman upon whom the seduction is charged. Code 1923, § 5490. In other words, if there was no corroborative evidence before the grand jury the indictment should have been quashed; if there was any, it should not. The question of the weight or sufficiency of the corroborating evidence is not a proper inquiry, but this was not involved in the motion.

[3] The express provision of the seduction statute as to corroboration of necessity differentiates an inquiry of this character from the general rule, which is that when it ap-

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pears that the witnesses were examined by the grand jury, or the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged. The section of the Code applicable to this case is section 5490, Code 1923, which, in addition to what is required by section 8679, Code 1923, requires, as stated, supra, that "no indictment or conviction shall be had under said section on the uncorroborated testimony of the woman upon whom the seduction is charged." It is evident, therefore, in a case of seduction, in order to support an indictment, it must not only appear that witnesses were before the grand jury, or that the grand jury had before them legal documentary evidence, but it must also appear, if the issue is properly raised, that the indictment was not had on the uncorroborated testimony of the prosecutrix. We need not here discuss the sufficiency of evidence necessary to corroborate that of the prosecutrix, for it has been often stated as sufficient "if it extends to a material fact and satisfies the jury the woman is worthy of credit." Cunningham v. State, 73 Ala. 51.

In striking the defendant's motion to quash, upon the grounds stated, which was seasonably made and before pleading to the merits of the indictment, the court precluded the defendant from offering evidence in support of the motion, which, as stated, if the grounds thereof had been proven under the required rules, would have been a complete answer to the indictment. In this there was error. There are other questions in the case, but they may not arise on another trial. The error pointed out is a matter apparent upon the record proper, and this renders unnecessary a consideration of the motion of the state to strike the bill of exceptions and other questions contained therein.

Reversed and remanded.