EL PUEBLO, DEMANDANTE Y APELADO, *v.* TRUJILLO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2.ª, en causa por perjurio.

No. 942.—Resuelto en junio 19, 1916.

PERJURIO—INCONGRUENCIA ENTRE LA PRUEBA Y LA ACUSACIÓN.—Un acusado a quien se le impute perjurio de acuerdo con el artículo 117 del Código Penal, no puede ser condenado con prueba que sólo tiende a demostrar el delito comprendido en el artículo 122; pero cuando la prueba es susceptible de ser interpretada en el sentido de comprender uno u otro perjurio, la convicción por cualquiera de ellos puede ser sostenida.

ID.—INSTRUCCIONES AL JURADO—INSTRUCCIONES ERRÓNEAS—FALTA DE OBJECIONES.—Cuando en causa por perjurio dentro del artículo 117 del Código Penal el tribunal inferior da también instrucciones al jurado como si estuviera asimismo envuelto en la acusación el artículo 122, pero no se formula objeción alguna, ni se anota excepción, el Tribunal Supremo no tomará en consideración el error.

ID.—CONOCIMIENTO DE LA FALSEDAD DE LA DECLARACIÓN—ACUSACIÓN—CARGOS DISTINTOS.—No es siempre cosa fácil, el poder distinguir la diferencia que existe entre jurar falsamente sabiendo que la declaración es falsa, y jurar sin saber que la declaración es verdadera, por lo que debe formularse la acusación comprendiendo ambas alegaciones en dos diferentes cargos (*counts*).

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Hubo prueba en este caso tendente a demostrar que Ma-

nuel Trujillo, sin la debida investigación cuando tuvo la oportunidad de ·hacerla, juró sin tener ningún cuidado en absoluto, que Esteban Morales O'Farril, elector capacitado, no era residente de San Juan, con la intención de privar de su voto a dicho O'Farril en el precinto en que fué inscrito. Todos los elementos del delito de perjurio concurrieron y la prueba fué de tal naturaleza, que el apelante pudo haber sido declarado culpable de acuerdo con el artículo 117 o con el 122 del Código Penal, los cuales son como sigue:

"Artículo 117.—Toda persona que, habiendo jurado testificar, declarar, deponer o certificar la verdad ante cualquier· tribunal, funcionario o persona competente, en cualquiera de los casos en que la ley permitiere tomar tal juramento, declarare ser cierto cualquier hecho esencial, conociendo su falsedad será culpable de perjurio. No se admitirá, como defensa en ninguna causa por perjurio la circunstancia de haberse prestado o tomado el juramento en forma irregular."

"Artículo 122.—La declaración categórica de un hecho cuya certeza no conste al declarante equivaldría a la declaración de un hecho que le conste ser falso."

En el caso de *El Pueblo* v. *Pellot,* 15 D. P. R. 454, esta corte resolvió que un acusado a quien se le imputa el perjurio definido en el artículo 117 del Código Penal no podía ser condenado con prueba que sólo tiende a demostrar el delito comprendido en el artículo 122. En el caso de Pellot se llamó la atención hacia el hecho de que no había prueba que tendiera a establecer un delito de conformidad con el artículo 117. Recientemente esta corte resolvió en dos casos, el de *El Pueblo* v. *Segura* y *El Pueblo* v. *Alvarez,* 23 D. P. R. 930, que cuando la prueba era susceptible de poder ser interpretada en el sentido de que muestra una falsa declaración constándole su falsedad, el caso de *El Pueblo* v. *Pellot* podía ser distinguido.

El presente caso puede asimismo ser distinguido, pues se presentó prueba tendente a demostrar que el acusado tuvo

todas las oportunidades necesarias para conocer la verdad, y, por tanto, que el jurado tenía el derecho de suponer que la conocía.

La única duda acerca de la cuestión es que la corte también dió cuidadosas instrucciones al jurado, como si precisamente estuviera también envuelto en la denuncia ·el artículo 122, pero a estas instrucciones no se formuló objeción, ni se tomó ninguna excepción.

Creemos, por consiguiente, que el caso es uno típico para la aplicación del principio de que esta corte no tomará en consideración ningún error que no haya sido excepcionado debidamente en la corte inferior. *El ·Pueblo* v. *Lebrón*, 23 D. P. R. 658 y autoridades citadas. Si el acusado hubiera hecho esta objeción en la corte inferior el caso podría haber sido sobreseído por el Fiscal y empezado de nuevo. La diferencia que existe entre jurar falsamente, sabiendo que la declaración es falsa y jurar sin saber que la declaración es verdadera es tan íntima, que frecuentemente no es cosa fácil el poder distinguirla, y la prueba de este caso puede ser interpretada de tal modo. Sin embargo, somos de parecer de que en casos semejantes de perjurio los Fiscales deben formular una acusación por perjurio con dos alegaciones, de manera que comprenda la teoría sustentada en el artículo 117, y la del artículo 122.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey, firmando los Jueces Sres. del Toro y Hutchison, "conformes con la sentencia."