El Pueblo, Demandante y Apelado, *v.* Molina, Acusado y
Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez
en causa por delito de violación.

No. 1476.—Resuelto en marzo 9, 1920.

Privilegio del Acusado a no Declarar—Instrucciones al Jurado.—Cuando la
corte al instruir al jurado hace notar la ausencia de prueba por parte del
acusado, la mejor práctica aconseja que se le instruya al mismo tiempo que
el hecho de que el acusado haya hecho uso del privilegio de no declarar no
deberá considerarse como circunstancia que le incrimine y que el fiscal está
en la obligación de probar su caso más allá de una duda razonable, prescin-
diendo de tal omisión.

Violación—Prueba Corroborante.—En los casos de violación o de cualquiera
de los delitos a que se refiere el artículo 250 del Código de Enjuiciamiento
Criminal, el jurado debe ser instruído específicamente de que es necesario,
para que el acusado pueda ser convicto, que la declaración de la supuesta
víctima sea corroborada.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. F. Otero.

Abogado del apelado: Sr. J. E. Figueras, Fiscal.

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

El artículo 250 del Código de Enjuiciamiento Criminal
prescribe que en un juicio por violación y por otros deter-
minados delitos el acusado no podrá ser declarado convicto
por la declaración de la mujer agraviada, a menos que su
declaración se corrobore con otras pruebas.

En el presente caso la corte dió al jurado las siguientes
instrucciones:

"Este es un caso, señores del jurado, en que no se ha practicado
prueba por parte de la defensa y es deber suyo de examinar la
prueba de la acusación y resolver, si de ella les satisface o no fuera
de duda razonable, de la culpabilidad del acusado.

"La declaración de un solo testigo que merezca entero crédito
es prueba suficiente de cualquier hecho salvo perjurio o traición.
En este caso la declaración de un solo testigo respecto a cualquier
hecho esencial es prueba suficiente del hecho si ese testigo merece
entero crédito, esto es, si Uds. creen que ese testigo está diciendo la

verdad y siempre que la declaración de ese testigo es corroborada por otra evidencia.''

El fiscal de este tribunal muy atinadamente solicita la revocación de la sentencia.

Al terminarse la prueba de la acusación del abogado de la defensa anunció a la corte que no tenía prueba alguna que presentar con excepción de la declaración del acusado que no sería llamado a declarar.

En vista de las circunstancias hubiera sido mejor práctica por parte de la corte instruir al jurado en relación con la instrucción que le dió acerca de la falta de prueba por parte de la defensa, que el acusado tenía el privilegio de no declarar y que el hecho de no hacerlo no había de considerarse como circunstancia que le incriminaba por estar el fiscal en la obligación de establecer su culpabilidad más allá de una duda razonable, prescindiendo de tal omisión.

Sin embargo la omisión inadvertida por parte de la corte sentenciadora en instruir al jurado acerca de éste extremo sin que conste que la defensa hubiera llamado en alguna forma la atención en la corte inferior en cuanto al particular, y no apareciendo de los autos nada que indique que con ello pudiera causársele perjuicio al acusado, difícilmente podría servir de base para la revocación de la sentencia.

Pero nos vemos obligados a opinar con el fiscal que el hecho de no darse una instrucción más específica respecto a la necesidad de que la declaración prestada por la supuesta víctima fuese corroborada por otra prueba es una cuestión que tiene demasiado importancia para no ser considerada.

La sentencia apelada debe ser revocada, debiendo devolverse las actuaciones a la corte inferior para ulteriores procedimientos.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.