El Pueblo de Puerto Rico, demandante y apelado, *v.* Jaime Pujals, acusado y apelante.

No. 2309.—*Visto:* Enero 21, 1925.   *Resuelto:* Junio 24, 1925.

Seducción—Responsabilidad Criminal—Instrucciones al Jurado Respecto a la Corroboración de la Ofendida—Omisión y Efecto.—El hecho de que en un proceso por seducción el tribunal inferior no instruya al jurado respecto a que es necesaria la corroboración de la declaración de la ofendida no es un error que requiera la revocación de la sentencia, y menos cuando no se hace petición específica alguna a la corte de instruir al jurado en tal sentido. (*Pueblo* v. *Molina,* 28: 170, distinguido.)

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), condenando al acusado por delito de seducción. *Confirmada.*

*Román Díaz Collazo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Jaime Pujals fué declarado culpable de haber seducido a Providencia Rodríguez bajo promesa de matrimonio.   En apelación no hay señalamientos de error y el apelante en su alegato no sostiene que no hubo prueba suficiente para condenar.   Por el contrario, la perjudicada declaró tendente a probar la seducción bajo promesa de matrimonio, declaración que fué corroborada en todas sus partes esenciales. Insiste el apelante en que el caso debe ser revocado por no haber la corte instruido al jurado que era necesaria la corroboración de la declaración de la perjudicada, exigiendo dicha corroboración el artículo 250 del Código de Enjuiciamiento Criminal, como fué enmendado.   El apelante se funda en el caso de *El Pueblo* v. *Molina,* 28 D.P.R. 170.   El caso de *El Pueblo* v. *Molina,* interpretado debidamente, no sostiene la contención del apelante.   Antes de considerar dicho caso examinaremos ligeramente la jurisprudencia relativa a las instrucciones en casos semejantes al presente, empezando por el de *Caminetti* v. *United States,* 242 U.S. 495.

Ese no fué un caso de seducción o uno semejante, sino que trataba de las declaraciones de cómplices, siendo la si-

tuación análoga. El fundamento de error fué que la corte
sentenciadora no instruyó al jurado que la prueba de cóm-
plices había de ser recibida con cautela y creída solamente
cuando estaba corroborada por otra prueba. La corte dijo:
"Convenimos con la Corte de Circuito de Apelaciones que
la petición en la forma que se hizo no debió haber sido con-
cedida. En el caso de *Holmgren* v. *United States,* 217 U.S.
509, (54 L. ed. 861), este tribunal rehusó revocar una sen-
tencia por no haberse dado una instrucción de este carácter
general, mientras decía que era mejor práctica para las cor-
tes llamar la atención de los jurados con respecto a confiar
demasiado en la declaración de cómplices y exigir declara-
ción corroborante antes de dar crédito a tal prueba. Aunque
esto es así, no hay principio legal absoluto que impida las
condenas basadas en la declaración de cómplices si los ju-
rados las creen. 1 Bishop's Criminal Procedure, 2ª edición,
sec. 1081, y casos citados en la nota.

En el caso de *Rachmil* v. *United States,* 288 F. 782, tam-
bién se citaron los casos de Caminetti y Holmgren. La
corte dijo que aunque es corriente y parte de la buena prác-
tica advertir a un jurado que aquilate cuidadosamente la
prueba de un cómplice, el no hacerlo así no era un error
que requería la revocación. Esto era particularmente cierto
cuando no había ninguna petición específica de instruir al
jurado en cuanto a tal declaración, o cuando por otra parte
había una omisión en llamar la atención de la corte a este
principio.

Wigmore sobre Evidencia, sección 2061 y siguientes,
muestra que en la ley común la declaración de la acusadora
privada o perjudicada en el juicio de delitos contra la cas-
tidad de las mujeres era por sí sóla suficiente prueba para
sostener una condena; no obstante de que en muchas ju-
risdicciones un estatuto basado plausiblemente en el lauda-
ble propósito de proteger a una persona contra falsas acu-
saciones ha introducido una regla que exige la corrobora-
ción. Este autor está convencido de que el estatuto no es

en absoluto beneficioso, pero él es de opinión en todo caso de que si existe tal prueba corroborante debe ser una cuestión para la resolución del juez sentenciador en vista de las circunstancias de cada caso y algunas cortes se inclinan a tal doctrina. *Cumminghane* v. *State,* 73 Ala. 51, 55; *Mill* v. *Com.,* 93 Va. 815, 22 S.E. 863.

El caso de *State* v. *Pearson,* 79 Pac. 986, procedente de Washington (37 Wash. 405), estado que tiene estatutos penales semejantes a los de California, también sostiene que aunque se recomienda instruir al jurado respecto al crédito que ha de darse a los cómplices, tal instrucción no era necesaria, y el no darla no era fundamento de error. La regla general de ley era que un hombre podría ser declarado culpable por la prueba no corroborada de un cómplice, a diferencia de la declaración de la perjudicada, si bien algunas cortes sostienen que la corroboración es necesaria. De ese caso aparece, sin embargo, que los jurados están advertidos acerca de los cómplices, toda vez que sus declaraciones proceden de una fuente corrupta.

Por supuesto que surge inmediatamente a la mente el hecho de que una mujer perjudicada no es presuntivamente del mismo carácter que un cómplice. Ella generalmente no ha sido culpable de ninguna violación de la ley. Tiene derecho a la presunción que existe en favor de cualquier otro testigo, excepto en cuanto nuestro estatuto requiere específicamente la corroboración.

En el caso de *El Pueblo* v. *Molina, supra,* la corte instruyó al jurado en estos términos:

"Este es un caso, señores del jurado, en que no se ha practicado prueba por parte de la defensa y es deber suyo de examinar la prueba de la acusación y resolver, si de ella les satisface o no fuera de duda razonable, de la culpabilidad del acusado.

"La declaración de un solo testigo que merezca entero crédito es prueba suficiente de cualquier hecho salvo perjurio o traición. En este caso la declaración de un solo testigo respecto a cualquier hecho esencial es prueba suficiente del hecho si ese testigo merece

entero crédito, esto es, si Uds. creen que ese testigo está diciendo la verdad ·y siempre que la declaración de ese testigo es corroborada por otra evidencia.''

Es evidente, pues, que cuando se exige la corroboración, el decir al jurado que la prueba de un solo testigo es suficiente, constituye inequívocamente un error, aun cuando la corte no fuera consistente y finalmente usara palabras tendentes a una dirección opuesta. La instrucción en todo caso inducía a error toda vez que según el artículo 250 sólo la declaración de la perjudicada necesita corroboración. Al final de la opinión dijimos: ''Pero nos vemos obligados a opinar con el fiscal que el hecho de no darse una instrucción más específica respecto a la necesidad de que la declaración prestada por la supuesta víctima fuese corroborada por otra prueba es una cuestión que tiene demasiada importancia para no ser considerada.''

Hace tiempo que en el caso de *Cohens* v. *Virginia*, 6 Wheat. (U.S.) 264, (5 L. ed. 257) el Juez Presidente Sr. Marshall dijo que una opinión incidental (*dictum*) en un caso no debe regular la sentencia en un pleito subsiguiente. Lo que sosteníamos esencialmente en el caso de *Molina* era que las instrucciones fueron erróneas.

El juez sentenciador había dicho por dos veces al· jurado en substancia y no obstante de las disposiciones terminantes del artículo 250 del Código de Enjuiciamiento Criminal que de ser creída la declaración no corroborada de la agraviada esto era bastante para sostener un veredicto de culpabilidad. Una disposición de poca importancia y contradictoria en sí agregada al final de la segunda de estas disposiciones no tuvo por objeto llamar la atención del jurado ni es adecuada para hacer desaparecer la falsa impresión ya causada. En estas circunstancias resolvimos; y no vacilamos en reiterar, que ''el dejar de dar una instrucción más específica'' era ''cuestión demasiado seria para no ser tenida en cuenta.''

No dijimos, ni del lenguaje empleado de ser interpretado

a la luz de su contexto puede hacerse inferencia legítima alguna al efecto, de que el mero hecho de no darse instrucciones sobre la necesidad de la corroboración es un error que exige la revocación en todos los casos y prescindiéndose de las circunstancias envueltas.

En varios de los casos que hemos citado, la sentencia fué sostenida en parte por no haberse solicitado instrucciones específicas en la corte sentenciadora. En el caso de *El Pueblo* v. *Lebrón,* 23 D.P.R. 658, después de citar el artículo 1 de la ley de mayo 30, 1904 (Comp. 6408), sostuvimos que de acuerdo con ella la corte había revocado voluntariamente algunos casos donde los derechos fundamentales de los acusados habían sido desatendidos, citándose casos, pero que generalmente a falta de excepciones habíamos rehusado revocar a no ser que se demostrara claramente un perjuicio, citándose otros casos. *El Pueblo* v. *Trujillo,* 24 D.P.R. 129.

En el caso de Molina ejercitamos esa facultad, pero no vemos razón alguna para hacerlo así aquí. No se solicitaron instrucciones específicas. Las instrucciones dadas no contienen manifestación errónea alguna y no se tomó ninguna excepción.

*Debe confirmarse la sentencia apelada.*