EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PORFIRIO COLÓN APONTE, acusado y apelante.

Núm. 10346.—*Sometido:* Marzo 17, 1944. *Resuelto:* Marzo 31, 1944.

*Juan B. Soto,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un recurso de apelación contra una sentencia de la corte de distrito condenando al acusado a diez años de presidio al ser convicto por un jurado de asesinato en segundo grado. Tres días antes de la fecha señalada para la vista, el fiscal radicó ante esta Corte una moción sobre corrección de los autos que están ante nos.

■ Uno de los errores alegados en apelación es que la corte de distrito cometió error al instruir al jurado en el sentido de que la presunción de inocencia debe ser claramente probada. De haberse dado dicha instrucción al jurado, es obvio que sería errónea y sustancialmente perjudicial al acusado. El fiscal admitió en la vista que tal instrucción exigiría que revocáramos la sentencia de convicción. Y el récord ante nos claramente establece tal instrucción. Ésta lee como sigue:

"En los casos criminales la ley presume que el acusado es inocente mientras no se le pruebe lo contrario de modo satisfactorio y por evidencia competente, y es regla de ley que su culpabilidad debe ser claramente probada. *Esta presunción de inocencia debe ser claramente probada* y acompaña siempre al acusado hasta el juicio y continúa existiendo en favor del acusado hasta el momento mismo en que se rinde el veredicto, por lo que el jurado debe tenerla presente no sólo durante sus deliberaciones si que también en todo tiempo hasta que en realidad se llegue a un veredicto." (Bastardillas nuestras).

Pero el fiscal afirma que el récord no refleja lo que realmente ocurrió. Su moción es al efecto de que se corrija el récord para que demuestre que la instrucción en cuestión fué en efecto dada en la siguiente forma:

"En los casos criminales la ley presume que el acusado es inocente, mientras no se le pruebe lo contrario de modo satisfactorio y por evidencia competente; y es regla de ley que su culpabilidad debe ser completamente probada. Esta presunción de inocencia acompaña al acusado durante el juicio y el jurado debe tenerla presente también al deliberar."

Esta última instrucción es, desde luego, una correcta exposición de la ley.

Para sostener su moción, el fiscal ofreció una certificación del juez interino que presidió el juicio en cuanto a que trasmitió la instrucción como aparece corregida y que "dicha instrucción fué tomada por mí al pie de la letra del libreto de instrucciones que tengo en mi poder y uso corrientemente en mis instrucciones al jurado. Que al certificar el pliego de instrucciones al jurado en dicho caso lo hice pasando inadvertidamente sobre el error existente, sin que me diera cuenta del mismo, hasta que vino a mi conocimiento que una instrucción distinta a la dada por mí servía de base a un señalamiento de error por el acusado apelante en su alegato."

El fiscal también ofreció dos declaraciones juradas. Una está firmada por el abogado que condujo la defensa pero que no es abogado del acusado en apelación. Dice su declaración jurada que no recuerda que la corte de distrito trasmitiera la instrucción señalada como errónea y "que si tales frases se hubieran pronunciado y hubieran sido oídas por mí, las hubiera objetado en su momento oportuno porque, a mi juicio, implicarían una violación de ley."

El fiscal también ofreció en apoyo de su moción una declaración jurada de Pedro R. Arroyo, quien actuó como taquígrafo repórter en el juicio del caso. Su declaración dice en parte como sigue:

"Que tomé durante dicha vista las instrucciones dadas por el Hon. Jesús A. González, actuando como Juez de Distrito Interino, al jurado en aquel caso. Que es costumbre de los taquígrafos tomar taquigráficamente las primeras frases de las instrucciones en aquellos párrafos en que el Juez va leyendo muy rápidamente, y que se refieren a 'instrucciones generales' que constan escritas en el libro de instrucciones de los jueces, y de las cuales tenemos copia los taquígrafos. Que en este caso mientras el Hon. Juez González dictaba las instrucciones, tomé taquigráficamente la siguiente frase de la instrucción general que consta en mi libreta de notas y que dice así 'en los casos criminales la ley presume, etc. . . . .' copiando el resto del

párrafo de el modelo de instrucciones generales que tengo en mi poder y que dice así 'En'los casos criminales la ley presume que el acusado es inocente mientras no se pruebe lo contrario de modo satisfactorio y por evidencia competente, y es regla de ley que su culpabilidad debe ser claramente probada. Esta presunción de inocencia acompaña siempre al acusado durante el juicio y continúa existiendo en favor del acusado hasta el momento mismo en que se rinde el veredicto, por lo que el jurado debe tenerla presente no sólo durante sus deliberaciones si que también en todo tiempo hasta que en realidad se llegue a un veredicto.'

"Que al copiar este taquígrafo el resto del párrafo en cuestión, por un error involuntario mío salté de la línea que copiaba directamente encima de la anterior donde consta la frase *'debe ser claramente probada'* haciendo que lea la oración así: 'Esta presunción de inocencia debe ser claramente probada y' cuando en realidad de verdad debe ser y así está en las instrucciones correctas así: 'Esta presunción de inocencia acompaña siempre al acusado, etc. etc.'

"Que este error clerical de este taquígrafo puede verse gráficamente del modelo de instrucciones y de sus notas taquigráficas."

El "libro de instrucciones de los jueces" y las notas taquigráficas de Arroyo también fueron ofrecidos en apoyo de la moción del fiscal.

La evidencia ofrecida en apoyo de la moción del fiscal es plausible en sumo grado. La proposición de ley envuelta es elemental, y fué expuesta correctamente por el juez de distrito en la primera oración de la instrucción que se ataca. Por tanto, es difícil creer que hubiera dicho exactamente lo contrario en su segunda oración, tal como indica el récord. También, es muy significativo que el abogado del acusado no objetara la instrucción durante el juicio.

Eso no obstante, declararemos la moción sin lugar, y *motu proprio* revocaremos la sentencia dictada en este caso. Tomamos esta acción toda vez que los *exhibits* ofrecidos en apoyo de la moción revelan que se privó al acusado de un derecho fundamental—el derecho de que las instrucciones de la corte al jurado se tomen taquigráficamente (Comp. Estat. Rev. de P. R., ed. 1941, pág. 816). Por tanto nos negamos a

investigar si en este caso específico el juez interino instruyó correctamente o no al jurado sobre la ley. Resolvemos que a menos que el taquígrafo repórter tome las instrucciones taquigráficamente, no puede subsistir una sentencia condenatoria.

Resolver lo contrario sería abrir las puertas a innumerables abusos. Un taquígrafo repórter no tiene derecho a asumir que un juez de distrito trasmitirá una instrucción, bien "general" o de cualquier otro modo, exactamente en la misma forma que aquella que de ordinario se usa. En verdad, cada caso tiene sus propios hechos peculiares, y es el deber del juez de distrito ajustar sus instrucciones al caso específico que se está ventilando. Tampoco se disculpa el taquígrafo cuando jura que el juez estaba "leyendo muy rápidamente". Si el juez de distrito está hablando demasiado ligero, el taquígrafo puede respetuosamente solicitar de la corte que hable más despacio. Podría añadirse que si un juez está hablando demasiado ligero para un taquígrafo que está cualificado para desempeñar los deberes de su cargo, es muy dudoso que un jurado compuesto de legos asimile el significado de las instrucciones.

■ Aprovechamos esta oportunidad para censurar la práctica revelada por este caso. El juez de distrito, y no el taquígrafo, controla el desarrollo del caso. Un taquígrafo no tiene derecho para ejercer su criterio en cuanto a qué instrucciones deben tomarse taquigráficamente. Su deber es claro. En este caso flagrantemente lo infringió. El resultado es la demora en resolver un importante caso criminal y en considerables gastos innecesarios para El Pueblo de Puerto Rico. Debe tratarse severamente a los taquígrafos de las cortes que dejan de cumplir su deber en cuanto a éste y a otros aspectos.

■ Este caso presenta gráficamente las lamentables consecuencias que surgen de tal abandono del deber. Ningún

derecho es tan fundamental bajo nuestras instituciones como la presunción de inocencia en un caso criminal. Sin embargo, esta Corte no tiene ante sí una transcripción correcta de la instrucción de la corte de distrito sobre dicha cuestión toda vez que el taquígrafo repórter no tomó notas taquigráficas de dicha instrucción.

Si un juez de distrito está leyendo instrucciones al jurado, no vemos objeción a la práctica mediante la cual el taquígrafo tenga ante sí una copia de las mismas y escriba en ellas los signos taquigráficos necesarios donde quiera que el juez varíe las instrucciones escritas. Pero la declaración jurada del taquígrafo en este caso no afirma que tomó esta precaución. Por el contrario, al leerse su declaración, simplemente asumió que el juez de distrito no se separaría del texto del libro de instrucciones "de las cuales tenemos copia los taquígrafos". No debe entendérsenos como que cerramos las puertas a la corrección de los autos en casos apropiados con el fin de que el récord en apelación refleje lo que en verdad ocurrió en la corte de distrito. Pero eso puede hacerse, por lo menos en los casos criminales, cuando estén envueltas la prueba y las instrucciones, solamente cuando el taquígrafo cumplió con su deber estatutario de tomar notas taquigráficas del incidente bajo consideración.

La apelación también ha sido sometida en sus méritos. El acusado alega que la prueba no fué suficiente para establecer un asesinato en segundo grado y nos pide que dictemos sentencia absolviéndolo. No podemos tomar dicha acción toda vez que la prueba introducida por el Pueblo, de ser creída por el jurado, justificó el veredicto aquí envuelto.

*La sentencia será revocada y devuelto el caso a la corte de distrito para un nuevo juicio.*