El Pueblo de Puerto Rico, demandante y apelado, *v.* Celio Díaz Nieves, acusado y apelante.

Núm. 11,057.—*Sometido:* Noviembre 15, 1945. *Resuelto:* Noviembre 29, 1945.

*William Luyando Charneco,* abogado del apelante; *Hon. Procurador General E. Campos Del Toro, L. Negrón Fernández, Procurador General Interino* y *J. Rivera Barrera,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Celio Díaz Nieves fué acusado ante la Corte de Distrito de San Juan de un delito de escalamiento en primer grado. Celebrado el juicio ante jurado fué declarado culpable y sentenciado por la corte a cumplir ocho años de presidio. En este recurso señala los siguientes errores: 1ro., el haber la corte admitido la confesión del acusado sin haberse probado previamente por el fiscal que la misma fué obtenida voluntariamente; 2do., al dejar el taquígrafo repórter de tomar las instrucciones de la corte al jurado y, 3ro., que el veredicto rendido es contrario a la prueba.

■ La confesión del acusado, firmada por él contiene las siguientes advertencias hechas por el fiscal:

"Celio, a usted se le acusa junto con este Rafael Rivera de haber escalado el bar Montañez la noche del 23 de julio de 1943. Como acusado tiene el derecho de declarar o no declarar, y si declara lo hace voluntariamente y esa declaración puede usarse en su contra. Sin promesa ni amenazas, ni oferta ninguna, ¿usted quiere declarar voluntariamente?"

El acusado contestó en la afirmativa y continuó su declaración confesando haber penetrado en el Bar Montañez durante la noche del 23 de julio de 1943. Declaró, además, en *rebuttal* y sin oposición de la defensa, el taquígrafo del fiscal al efecto de que el acusado prestó dicha declaración voluntariamente y pidió ser llevado ante la corte para declararse culpable.

■ No se cometió el primer error[1] y tampoco el tercero pues la declaración del cómplice del acusado fué corroborada y la prueba de cargo, en conjunto, creída por el jurado, es suficiente para sostener el veredicto de culpabilidad.

■ De haber sido cierto el segundo señalamiento procedería, de acuerdo con lo resuelto en *Pueblo v. Colón,* 63 D. P.R. 385, la revocación de la sentencia. No obstante la afirmación del abogado del apelante Lic. William Luyando Charneco al efecto de que el taquígrafo repórter de la corte inferior dejó de tomar las instrucciones de la corte al jurado, lo cierto es que dichas instrucciones sí fueron tomadas taquigráficamente y su transcripción elevada a esta Corte. El hecho de que al tramitarse la apelación por el apelante no se incluyera por el taquígrafo dicha transcripción no justificaba que dicho letrado afirmara, en su alegato, que las instrucciones no habían sido tomadas por el taquígrafo. Hemos de suponer que, cumpliendo su deber como defensor del acusado, él estaba presente mientras el juez instruía al jurado y que vió o pudo ver si el taquígrafo cumplía con el

---

[1] *Cf. Pueblo v. Lebrón,* 61 D.P.R. 657, 671-2.

suyo de tomar taquigráficamente dichas instrucciones. Si no estaba presente, fácilmente pudo enterarse con el propio taquígrafo. Sea ello como fuere, lo censurable es que se haya alegado como error ante esta Corte un hecho incierto. Es de esperarse que esta actuación no habrá de repetirse.

*Debe confirmarse la sentencia apelada.*