El Pueblo de Puerto Rico, demandante y apelado, *v.* Isabel Feliciano Caraballo, acusada y apelante.

Núm. 14285.—*Sometido:* Febrero 3, 1950. *Resuelto:* Febrero 13, 1950.

*Inés Acevedo de Campos* y *Rafael Muñoz Ramos,* abogados de la apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La acusada fué juzgada y convicta por un jurado de un delito de aborto en violación al artículo 266 del Código Penal, ed. 1937. Fué sentenciada a prisión por un término de dos a tres años. En apelación, sostiene que la declaración de la persona a quien se le practicó el aborto no fué corroborada por alguna otra evidencia, según lo requiere el artículo 250, Código de Enjuiciamiento Criminal, ed. 1935.

Durante el juicio desfiló abundante prueba, incluyendo los testimonios de dos médicos y el de la mujer perjudicada, al efecto de que se provocó un aborto en la persona de Cándida Rosa Ortiz. La acusada no niega esto. Solamente alega que el récord no contiene alguna otra evidencia que la conecte con el delito, según se requiere por el artículo 250. Aparte de la declaración de la perjudicada, el único testigo que conectó a la acusada con el delito fué un detective que declaró en la forma siguiente:

"Testigo: Cuando la arresté, estaba en una habitación arreglándose para salir y le dije que me personaba allí y que la iba a llevar en calidad de arrestada, y me estaba duro, que era una dama, pero realmente tenía que arrestarla, que por qué ella había hecho eso.

". . . . . . .

"Le dije que era una dama y que la tenía que arrestar, que por qué ella había hecho eso. No le dije el hecho concreto. Entonces me dijo que . . .

"Fiscal: Testigo: Dijo usted hace un rato. . . ¿Qué le manifestó usted a la señora acusada? ¿Qué le dijo al momento de ir a la casa de ella?

"Testigo: Que por qué hacía eso, y ella me dijo que ése era el medio de ganarse la vida; que no había nada más que hacer."

Una confesión, o admisión de algunos de los hechos relacionados con un delito, de ser creídos por el jurado, son suficientes para conectar al acusado con este delito. *Pueblo* v. *Márquez,* 64 D.P.R. 371, 379; *People* v. *Garner,* 140 P.2d 146 (Calif., 1943); *People* v. *Wilson,* 153 P.2d 720, 723 (Calif., 1944). En su consecuencia, la admisión de la acusada al

efecto de que había hecho "eso" con el fin de ganarse la vida, constituyó la corroboración exigida por el artículo 250, siempre y cuando se establezca claramente que ella se estaba refiriendo al aborto practicádole a Cándida Ortiz.

Sostiene la acusada que nada hay en el récord que demuestre lo que ella y el detective querían decir con el anterior lenguaje impreciso y ambiguo. Arguye que hasta donde surge del récord, tanto el detective como ella pudieron haber estado hablando de bolita, de lenocinio o de cualquier otro medio ilegal de ganarse la vida. Sin embargo, en ausencia de prueba en contrario debemos suponer que el arresto fué legal. Y al efectuar un arresto válido, el detective venía obligado a informarle a la acusada del delito por cuya comisión se le arrestaba. Artículos 116–122, Código de Enjuiciamiento Criminal, edición de 1935. Por tanto, su conversación necesariamente tuvo que girar alrededor del delito específiico de aborto en la persona de Cándida Ortiz. Y hemos visto que tal admisión es suficiente corroboración.

■■ La acusada también alega que la corte inferior cometió error al trasmitirle al jurado la siguiente instrucción: "La ley no exige un determinado número de testigos para la comprobación de un hecho o circunstancia. Un solo testigo que merezca entero crédito puede ser suficiente para la comprobación de un hecho o circunstancia, salvo perjurio o traición."

Esta instrucción, por sí sola, era errónea debido al requisito de corroboración en este caso. Pero tres oraciones más abajo la corte instruyó al jurado que "En este caso se necesita también la corroboración a la declaración de la supuesta perjudicada. El testimonio único de Cándida Rosa, no sería suficiente para declarar convicta a esta acusada. Es un testismonio que necesita corroboración. El testimonio de esta supuesta perjudicada tiene que estar debidamente corroborado." Entonces la corte de distrito le leyó íntegramente al jurado los artículos 250 y 263 del Código de Enjuiciamiento Criminal, y continuó en dos páginas más explicándole en

detalle y correctamente los varios aspectos de las reglas referentes a la corroboración. Además, al finalizar las instrucciones, la corte preguntó si se solicitaban algunas instrucciones adicionales, y ambas partes contestaron en la negativa. La corte de distrito entonces finalizó con otra manifestación al efecto de que si la acusada no era conectada con el delito mediante alguna otra declaración fuera de la de Cándida Ortiz, era el deber del jurado absolverla. No se objetó ni excepcionó parte alguna de las instrucciones al jurado.

Creemos que bajo algunas circunstancias instrucciones contradictorias exigen la revocación. *Cf. Pueblo* v. *Pujals,* 34 D.P.R. 398 y casos citados. Pero aquí la corte inferior repitió varias veces y en detalle los requisitos para la corroboración. Por consiguiente no creemos que se dió al jurado una impresión errónea con las dos oraciones aisladas en que descansa ahora la acusada. De haber sido necesario, el asunto pudo fácilmente ser esclarecido durante el juicio; pero la acusada no objetó las instrucciones. No puede ahora levantar esta cuestión por primera vez en apelación. *Pueblo* v. *García,* 64 D.P.R. 290; *Pueblo* v. *Ortiz,* 68 D.P.R. 681.

El Fiscal de este Tribunal dice en su alegato que él supone que la instrucción de que se queja la acusada fué inadvertidamente trasmitida porque el juez probablemente leyó esta instrucción específica de un libro general de instrucciones que usan los jueces de distrito. No tenemos medio alguno de cerciorarnos si eso fué lo que ocurrió aquí. Pero si así fué, pone de manifiesto una vez más las complicaciones que pueden surgir de la lectura mecánica de instrucciones generales. Véase *Pueblo* v. *Colón,* 63 D.P.R. 385. A un juez no se le nombra únicamente porque sepa leer; se le nombra porque conoce la ley. Y uno de sus más importantes deberes es instruir al jurado, no en generalidades, sino en detalle, a la luz de los hechos y la ley envueltos en el caso específico cuyo juicio se celebra.

*La sentencia de la corte de distrito será confirmada.*