EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PROVIDENCIO LAGUNA RODRÍGUEZ, acusado y apelante.

*Número:* CR-64-78 *Resuelto:* 24 de noviembre de 1965

832

*Federico Cordero*, abogado designado por el Tribunal Supremo para ofrecer asistencia legal en apelación al acusado; *J. B. Fernández Badillo, Procurador General*, y *Rodolfo Cruz Contreras, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Hace apenas unos días que adoptamos para la administración de nuestra justicia criminal la norma de rechazar la confesión de un acusado o sospechoso o de las admisiones que le perjudiquen sustancialmente obtenidas mientras se encuentra bajo custodia de la policía u otra autoridad competente cuando se le interroga con el propósito de obtener manifestaciones incriminatorias, en ausencia de las advertencias sobre su derecho constitucional de permanecer en silencio y a no incriminarse y de obtener asistencia de abogado. *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965). Mas esta regla de exclusión no impide *en todos los casos y bajo todas las circunstancias* la admisión de manifestaciones incriminatorias de un acusado o sospechoso por el mero hecho de que se hayan hecho a un policía o a un fiscal. En esencia ése es el aspecto que se levanta en el presente recurso, por lo cual es necesario hacer un recuento de los hechos que han dado margen al planteamiento.

Se acusó al apelante Providencio Laguna Rodríguez de asesinato en primer grado por haber acometido a Cristino Medina Rosa, conocido por Prisco, con un instrumento contundente, causándole golpes y heridas que le ocasionaron la muerte. Como parte de la prueba de cargo se ofreció el testimonio del agente Fernando Vélez Arroyo, quien declaró que recibió una llamada del Hospital Municipal de Naguabo a donde se había trasladado herido a Medina; que entre las personas que se encontraban presentes estaba Luis Faustino

Dávila, de quien recibió cierta información, con motivo de la cual "me personé al barrio Mariana y llegué a la residencia del señor Providencio, el cual lo llamé a la puerta y él me respondió que quién era y yo le dije, 'es la policía'. Entonces, vino y abrió la puerta y me explicó lo que había pasado, que él había tenido que dar unos palos a Cristino por motivo de un . . . de una acusación que él le había hecho, un ron que le cogieron, que él se desquitó del acuso, que según él era y que un abuso." (T.E. págs. 74–75.) En el contrainterrogatorio precisó que al llegar a la casa del apelante, antes de hacer las manifestaciones incriminatorias transcritas, éste le significó que le estaba "esperando" y que "se quería entregar". (T.E. pág. 77), cosa que no había hecho antes por no disponer de transportación. (¹)

Conveniente es advertir que Luis Faustino Dávila, quien prestó testimonio antes que el policía Vélez, ya había declarado que la noche de los hechos, alrededor de las tres de la madrugada, se había topado con el apelante y que éste le había manifestado que había agolpeado a Cristino Medina. Ésta fue la información que transmitió Dávila al agente del orden público.

■ Como podrá verse las manifestaciones incriminatorias del apelante sobre la agencia criminal y los móviles de su actuación (²) no fueron hechos mientras se encontraba bajo

---

(¹) También afirmó en el contrainterrogatorio que el apelante Laguna se le quejó de que el interfecto se encontraba borracho y había lanzado piedras a la casa de su hermana. Como es natural no se extiende la imputación de la comisión de error para cubrir la admisión de estas manifestaciones exculpatorias.

El apelante negó que hubiese hecho las manifestaciones que se le atribuyen.

(²) En verdad el apelante sólo podría quejarse de la admisión de sus manifestaciones sobre el móvil pues su versión de los hechos fue la de defensa propia. Y en cuanto a los motivos es buena señalar que la explicación que se le atribuyó—venganza por actuaciones anteriores al acusarlo de una infracción de la Ley de Bebidas—tendía a establecer el elemento de premeditación. Sin embargo, el veredicto del jurado fue de asesinato en segundo grado.

custodia policíaca y mucho menos al interrogársele con el fin de obtener manifestaciones incriminatorias. No es aplicable, por tanto, la regla de *Rivera Escuté*.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 18 de octubre de 1962.*