EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS ENRIQUE GONZÁLEZ TORRES, acusado y apelante.

*Números:* CR-66-4  *Resueltos:* 29 de junio de 1967
CR-66-5
CR-66-6

*Julio Fernández Cabrera,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de un delito de asesinato en primer grado por haber dado muerte con disparos de revólver, al ser humano Guillermo Santos Valero, y de dos infracciones a la Ley de Armas en sus Arts. 8 y 6.

El juicio de los tres casos se celebró conjuntamente los días 15 y 16 de enero de 1964. El jurado rindió dos veredictos declarándole culpable de asesinato en segundo grado y de infracción al Art. 8 de la Ley de Armas. El tribunal le declaró culpable de infracción al Art. 6 de dicha Ley de Armas.

La prueba de cargo estableció que como alrededor de las diez y cuarto de la noche del 9 de julio de 1963, Guillermo Santos Valero se encontraba en casa de don José Estremera conversando con éste y su esposa. Santos Valero estaba en la puerta de la casa parado en la acera cuando llegó el acusado y dijo lo siguiente: "Valero, tú quieres arreglar cuentas conmigo?" Valero miró hacia el acusado y caminó como dos o tres pasos y el acusado le hizo cuatro disparos con un revólver. El testigo Estremera declaró que Valero no hizo aguaje alguno al acusado ni tenía armas. Estremera y otros vecinos recogieron a Valero y lo condujeron al hospital. Miguel Ángel González declaró que sintió los disparos y al llegar a la esquina vio al acusado y le preguntó qué había pasado respondiendo éste, "Que maté a uno ahora mismo."

El Sargento Luis Antonio Seda Medina declaró que vio al acusado el día 9 de julio en el Cuartel; que al irse a entregar el acusado le dijo que había matado a uno. A preguntas del Sargento el acusado le dijo que había matado a un tal Santos

Valero con un revólver y que lo había matado porque le había ofendido en su moral.

La teoría de defensa fue que la víctima, quien le había amenazado con anterioridad, la noche y en el sitio de los hechos sacó una cuchilla mientras se dirigía hacia el acusado por lo que éste actuó en defensa propia.

En este recurso sostiene que el tribunal sentenciador cometió error (1) al admitir en evidencia la confesión y admisiones hechas por el acusado al Sargento Luis Antonio Seda Medina estando dicho acusado bajo custodia legal y siendo su declaración inadmisible por no habérsele hecho las advertencias de ley y por no estar asistido de abogado, y (2) al no transmitir al jurado instrucciones sobre la confesión y admisiones del acusado.

■ Estos errores no fueron cometidos. El apelante, después de ocurridos los hechos fue voluntariamente al cuartel de la policía a entregarse y manifestó espontáneamente al Sargento Luis Antonio Seda Medina que había matado a un hombre. Los detalles del suceso que dio al Sargento fueron igualmente manifestaciones espontáneas. La circunstancia de que en este caso no se le hicieron las advertencias legales no perjudicó los derechos sustanciales del acusado, especialmente en vista de que el acusado no hizo objeción a la admisión de dichas manifestaciones y además admitió mientras declaraba en el juicio que las había hecho. Cf. *Pueblo* v. *Laguna Rodríguez*, 92 D.P.R. 831 (1965).

■ Por otro lado, habiéndose celebrado el juicio en 15 y 16 de enero de 1964, las normas establecidas en los casos de *Escobedo* v. *Illinois*, 378 U.S. 478; *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765, resuelto en 26 de octubre de 1965 y *Miranda* v. *Arizona*, 384 U.S. 436, resuelto por el Tribunal Supremo de los Estados Unidos en 13 de junio de 1966, no estaban disponibles para el acusado. *Pueblo* v. *Adorno Lorenzana*, 93 D.P.R. 788, resuelto en 15 de diciembre de 1966.

158

■ La omisión del juez en transmitir al jurado instrucciones sobre la confesión y admisiones del acusado, no conllevan la revocación de las sentencias si consideramos (1) que el acusado no se opuso a la admisión en evidencia de la confesión y las admisiones, ni levantó cuestión alguna sobre su voluntariedad, (2) en más de una ocasión y al finalizar las instrucciones el juez preguntó al acusado si tenía instrucciones que deseara se le transmitieran al jurado, contestando éste en la negativa, (3) el acusado no excepcionó las instrucciones y (4) el acusado admitió en la silla testifical que había hecho la confesión y admisiones.

■ Por lo tanto la omisión de las instrucciones que ahora señala por primera vez en nada lesionó los derechos sustanciales del acusado pues en realidad, dadas las circunstancias apuntadas, no surgió controversia alguna en cuanto a la voluntariedad de la confesión y admisiones. Véase *Pueblo* v. *Del Valle*, 91 D.P.R. 174 (1964).

*Se confirmarán las sentencias apeladas.*

Los Jueces Asociados Señores Belaval y Santana Becerra concurren en el resultado, al igual que el Señor Juez Presidente.