EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN VERGARA VÁZQUEZ, acusado y apelante.

Número: CR-67-288     Resuelto: 16 de octubre de 1970

*Rafael L. Franco García,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El día 29 de junio de 1964 se formuló acusación contra el apelante por el delito de violación técnica consistente en tener contacto carnal con una menor de catorce años. Art. 255 del Código Penal, 33 L.P.R.A. sec. 961(1).

El acto de lectura de la acusación se celebró el 21 de julio siguiente. El caso fue visto ante jurado, luego de varias suspensiones, el 6 de abril de 1965. El apelante fue encontrado culpable por mayoría de 9 a 3. El día 4 de agosto de 1965 el tribunal lo sentenció imponiéndole una pena de 1 a 3 años de presidio. El acusado apeló ese mismo día ante

este Tribunal. El único fundamento de apoyo para ello gira en torno a la admisibilidad en evidencia durante el juicio de una declaración jurada prestada por el acusado ante el fiscal temprano en la mañana siguiente a los hechos. Alega el apelante que dicha declaración no debió ser admitida porque al momento de prestarla no estuvo asistido de abogado ni le fue advertido su derecho a ello y a comunicarse con su familia.

La prueba directa de cargo consistió de la declaración de la ofendida. No tenemos el beneficio de la transcripción de su testimonio ya que el apelante solicitó sólo la transcripción de los incidentes durante el juicio relativos a la admisión en evidencia de la declaración jurada prestada por él admitiendo los hechos. Su posición entonces, reiterada en este recurso fue que, aparte de dicha declaración, la cual fue admitida con su oposición, la prueba de cargo no estableció la corroboración del testimonio de la perjudicada.

La Regla 154 de las Reglas de Procedimiento Criminal (*Práctica Forense Puertorriqueña,* Vol. 2, pág. 162) establece que en los procesos por el delito de violación no puede declararse convicto al acusado por la sola declaración de la mujer agraviada, a menos que tal declaración se corrobore con alguna otra prueba que por sí misma, y sin tomar en consideración la declaración de la mujer agraviada, tienda a establecer la relación del acusado con la comisión del delito. *Pueblo* v. *De Jesús Cruz,* 94 D.P.R. 180 (1967). De ser admisible la declaración jurada prestada al fiscal por el acusado se cumple con los requisitos de la Regla 154 ya que su admisión o confesión de los hechos, de ser creídos por el jurado, es suficiente para conectarlo con el delito de violación. *Pueblo* v. *Feliciano,* 70 D.P.R. 875, 876 (1950); *Pueblo* v. *Márquez,* 64 D.P.R. 371, 379 (1945).

Los hechos ocurrieron en horas de la tarde del día 31 de mayo de 1964. La declaración jurada al fiscal, cuya admisibilidad es objeto de la controversia aquí planteada, fue pres-

tada por el acusado alrededor de las 8:30 de la mañana siguiente. Se dice allí que el día anterior el acusado fue a la Playa de Punta Salinas en una guagua *pick-up* en compañía de la presunta perjudicada, un hermanito de ella y un sobrino del acusado. Al llegar a la playa estos dos últimos se quedaron para bañarse. El acusado salió con la perjudicada a tomar un refresco llegando hasta el Hotel Las Villas. En el Hotel tuvieron relaciones sexuales. De regreso, como a las 4:00 P.M., el acusado llevó a la joven y al hermanito de ésta a su residencia en Bayamón. Sigue relatando el acusado que esa misma noche la policía lo procuró en su casa, pero no encontrándose allí, le dejaron razón para que fuera a Fiscalía a la mañana siguiente.

Al día siguiente el acusado fue a la Fiscalía de 8:30 a 9:00 de la mañana. El señor Aristóteles Rivera, taquígrafo de la Fiscalía de Bayamón, declaró como testigo de El Pueblo, en ausencia del jurado, en torno a la voluntariedad de la confesión escrita del acusado. La confesión del acusado fue admitida en evidencia por el juez con la objeción del acusado (T.E. pág. 21). El acusado apelante no presentó prueba para controvertir la del fiscal sobre este aspecto.

Coincidimos con el juez que dicha declaración fue prestada voluntariamente por el acusado. No existe controversia sobre el hecho de que la confesión del apelante al fiscal no estuvo precedida de advertencia relativa a su derecho a comunicarse con sus familiares más cercanos y a estar representado o asistido en ese momento por abogado. El único punto es si a pesar de ello dicha confesión es admisible.

En *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965), este Tribunal sostuvo que desde la fecha de esa decisión, 26 de octubre de 1965, bajo la Constitución del Estado Libre Asociado

"no son admisibles en evidencia en el 'proceso criminal' la confesión de un acusado o sospechoso o las admisiones que le perjudiquen sustancialmente, obtenidas de él bajo custodia de

la policía u otra autoridad competente mientras se le interroga con el fin de obtener manifestaciones incriminatorias: (1) cuando no fue advertido de manera eficaz por la policía u otra autoridad competente antes de declarar, de su derecho constitucional absoluto a permanecer en silencio y a no incriminarse; y (2) cuando no fue advertido por la policía u otra autoridad competente antes de declarar, de su derecho a tener ayuda de abogado, sin que el hecho de no haber sido solicitada afirmativamente por el acusado releve de la obligación de advertirle su derecho a tenerla; o (3) cuando solicitó consultar con abogado y no se le permitió el estar así asistido al obtenerse su declaración. *Rivera Escuté* v. *Jefe Penitenciaría,* supra, pág. 776."

■ El juicio en el presente caso se celebró el 6 de abril de 1965, poco más de 6 meses antes de la decisión en *Rivera Escuté.* Fue en dicha vista que fue admitida en evidencia la confesión del acusado y apelante ante el fiscal. En el presente recurso ni en los incidentes sobre su admisión en evidencia en el tribunal inferior se cuestionó la espontaneidad de la declaración prestada por el acusado, o que estuviere en alguna forma viciada por engaño o coacción física o mental ejercida sobre él. Es un hecho admitido que el acusado fue a Fiscalía voluntariamente (T.E. págs. 4, 7). El acusado fue advertido por el fiscal de que podía ser acusado del delito de Violación Técnica, que no estaba obligado a declarar y que, de hacerlo, su declaración podría ser utilizada en su contra. Se le advirtió, además, que no se le estaba obligando, amenazando u ofreciéndole nada para que declarara. El récord revela, en efecto, que el acusado tuvo una breve entrevista con el fiscal (cuatro o cinco minutos) antes de pasar a la oficina del taquígrafo donde se le tomó la declaración en presencia del fiscal. Su declaración fue tomada directamente en maquinilla según iba declarando. Luego de ello se le dio a leer, la leyó y la firmó (T.E. págs. 14–16). Al acusado se le hicieron todas las advertencias exigidas hasta entonces en esa etapa investigativa.

En *Pueblo* v. *Adorno Lorenzana*, 93 D.P.R. 788, 795 (1966), este Tribunal resolvió que la doctrina establecida en *Rivera Escuté* está disponible solamente para personas cuyos juicios no se habían comenzado el 26 de octubre de 1965, día en que fue resuelto el citado caso. En *Adorno Lorenzana* el juicio se celebró en los últimos días de julio y primeros de agosto de 1963. En *Pueblo* v. *Lastra Sáez*, 93 D.P.R. 876, 887 (1967), el juicio se celebró durante los días 8, 12 y 20 de abril de 1965. Se dijo allí que:

"Como el juicio en este caso se celebró durante los días 8, 12 y 20 de abril de 1965, no es aplicable en este caso la doctrina de exclusión de confesiones obtenidas cuando el acusado es interrogado sin estar representado por abogado mientras se encuentra detenido en una etapa acusatoria y privado de su libertad en forma significativa, la cual establecemos en *Rivera Escuté* . . . ya que en *Pueblo* v. *Lorenzana* . . . , (supra) dictaminamos que dicha doctrina es aplicable en aquellos casos en que el juicio se celebre a partir de la referida fecha de 26 de octubre de 1965."

*Pueblo* v. *Guadalupe Rosa*, 94 D.P.R. 190, 196–198 (1967), reiteró lo establecido en *Adorno Lorenzana*, supra. Igual se dijo en *Pueblo* v. *De Jesús Cabrera*, 94 D.P.R. 450, 455–456 (1967) ; *Pueblo* v. *Rivera Suárez*, 94 D.P.R. 510, 517 (1967) ; *Pueblo* v. *Figueroa González*, 95 D.P.R. 98, 102 (1967); *Pueblo* v. *González Torres*, 95 D.P.R. 155, 157; *Pueblo* v. *Vales Avilés*, 96 D.P.R. 246, 250 (1968), donde se dijo que admisiones voluntarias de un acusado en el cuartel de la policía eran admisibles en evidencia en un juicio criminal celebrado antes del 26 de octubre de 1965, fecha en que se resolvió *Rivera Escuté*, aun cuando el acusado no se le hubiera advertido de sus derechos constitucionales a no incriminarse y a tener asistencia de abogado. No estamos inclinados a descartar o, aun reexaminar la doctrina sobre irretroactividad de *Rivera Escuté* sentada en estos casos. Las normas allí anunciadas no eran exigibles para la fecha en

que el apelante prestó su declaración. El fiscal descansó en el estado de derecho vigente entonces. Esta situación no había cambiado para la fecha en que el apelante fue juzgado ante el Tribunal Superior. Sobre los problemas de este aspecto del proceso judicial especialmente en cuanto concierne a las consecuencias que emanan de los fallos en el campo procesal criminal pueden verse Haddad, *Retroactivity Should Be Rethought*, J. Crim. L. C. & P.S., Vol. 60, No. 4 (1969) ; Schaeffer, *The Control of Sunbursts: Techniques of Prospective Overruling*, 42 N.Y.U. L. Rev. 631 (1967) ; Fairchild, *Limitation of New Judge-Made Law To Prospective Effect Only*, 51 Marq. L. Rev. 1967–68; Anotación en 10 A.L.R.3d pág. 1371 *Prospective or Retroactive Operation of Overruling Decision.*

▮ El apelante invoca la Regla 22 de Procedimiento Criminal en su argumentación atacando la admisibilidad de su declaración al fiscal. Dicha regla enumera una serie de advertencias que el magistrado deberá informar a la persona arrestada o que hubiere comparecido mediante citación. La regla exige, entre otras, que se le informe a la persona arrestada de su derecho a comunicarse con su familiar más cercano o con un abogado y a obtener sus servicios. Nada hay que indique que dicha regla sea aplicable a la etapa investigativa durante la cual el aquí apelante prestó su declaración. La regla está concebida para reglamentar el procedimiento posterior al arresto. La declaración del apelante fue dada en una etapa anterior.

No estando disponibles para el apelante, a la fecha de ser juzgado, la garantía de que su declaración extrajudicial admitiendo los hechos fuese inadmisible por no estar la misma precedida de las advertencias sobre su derecho a estar asistido de un abogado allí o a comunicarse con sus familiares, ni demostrado que la falta de tales advertencias ni la ausencia de un abogado en aquella etapa impidiese un juicio

justo e imparcial, somos de opinión que la sentencia apelada debe ser confirmada.

*Por las razones anteriormente expresadas, se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino.